25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 AMERICAN TITLE INSURANCE COMPANY, Plaintiff-Appellant,
v.
BURKE & HERBERT BANK & TRUST COMPANY, Defendant-Appellee.
 No. 93-1292.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1994.
Decided May 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis III, District Judge. (CA-92-1064-A)
 ARGUED Ralph Peyton Mahaffey, MILES & STOCKBRIDGE, Fairfax, VA, for appellant.
 John F. McGinley, Jr., MCGINLEY & ELSBERG, Alexandria, VA, for Appellee.
 ON BRIEF: Daniel P. Lyon, MILES & STOCKBRIDGE, Fairfax, VA, for appellant.
 E.D.VA.
 AFFIRMED.
 Before HALL, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff/Appellant, American Title Insurance Company ("American Title"), underwrote title insurance to certain lenders on three separate real estate transactions in Virginia. The title policies were issued through American Title's authorized agent, Landmark Title Corporation ("Landmark"). Here, the lenders delivered monies (totalling approximately $395,000) to Landmark to be held in escrow to pay off priority lienholders. Landmark was to deposit these monies in a trust account at Burke & Herbert Bank & Trust Company ("B & H Bank"), Defendant/Appellee. Thereafter, Landmark was to write checks to the priority lienholders. Landmark did issue three checks to the priority lienholders (hereinafter "the payees"), but a Landmark employee had embezzled part of the lenders' escrow monies. The payees presented the checks for payment, but by midnight of the following day, B & H Bank had neither paid the checks nor returned them to the payees.[1] B & H Bank held the checks for several days on the false promise of a Landmark employee, who was also the embezzler, that the checks would be covered. When it became apparent to B & H Bank that the three checks would not be covered, the Bank returned them to the payees stamped "insufficient funds."
 
 
 2
 After the payees' checks were not honored, American Title paid the payees in full to extinguish their priority liens, thus providing the insured lenders with their expected first-lien positions. The payees then delivered the three checks to American Title. About one year later, American Title exercised its right to endorsement of the checks pursuant to Va.Code Ann. Sec. 8.3-201(3). The payees also assigned all "right, title, and interest" in the checks to American Title. JA 126, 133, 137. B & H Bank refused American Title's demand for payment on the checks, however, and American Title brought this action against the bank. After cross-motions for summary judgment, the district court granted the motion of B & H Bank.
 
 
 3
 After considering the record in this case, the briefs and the oral arguments, we are of the opinion that the judgment of the district court should be affirmed. We affirm on the reasoning of the district court in its memorandum opinion, American Title Ins. Co. v. Burke & Herbert Bank & Trust Co., 813 F.Supp. 423 (E.D. Va.1993).[2]
 
 AFFIRMED
 
 
 [1]
 This was a violation of the "midnight deadline" rule, which requires a payor bank (under the Virginia version of the UCC, Va.Code Ann. Sec. 8.4-302) to pay, return, or send notice of dishonor of a check by "midnight on its next banking day following the banking day on which it receives the relevant item...." Va.Code Ann. Sec. 8.4-104(h). A bank is accountable under Sec. 8.4-302 for failure to meet the midnight deadline
 
 
 [2]
 The district court held that "where, as [American Title] here, a party becomes a holder, transferee and assignee of checks after their untimely return by a payor bank, that party has no standing to bring a cause of action for the bank's violation of Sec. 4-302." Id. at 429 (emphasis added). The court said that a "Sec. 4-302 enforcement action ... is not an action on the instrument itself. Rather, it is an action for breach of a statutory duty. In pursuing this action, a plaintiff seeks to enforce a statutory penalty, not to collect on the proceeds from the instrument." Id. at 430 (citations omitted)
 We particularly agree with the district court that B & H Bank "may have been liable under Sec. 4-302 had these payees brought an enforcement action...." Id.